PER CURIAM.
Relator has filed an application seeking our review of the district court’s denial of his application filed in that court for post-conviction relief. Noting some procedural errors in the district court’s handling of relator’s application, we grant this application for writs and remand parts of relator’s application to the district court.
As filed in the district court relator’s application for post-conviction relief makes five claims. If an application alleges a claim which, if established, would entitle the petitioner to relief, the court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file an answer within a specified period not in excess of thirty days. La.C.Cr.P. Art. 927A. The application may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle the petitioner to relief. La.C.Cr.P. Art. 928.
Relator’s first claim alleges the state’s failure to disclose exculpatory information contained in a police report. Relator alleges that the police report contains information that the victim’s brother, a friend of relator, saw the victim alive and with an unknown male at a time when, according to a witness at trial (relator’s sister), relator had come to her house, admitted he had killed a woman, and washed blood from his arms. If relator can establish that the prosecution withheld requested, material, exculpatory evidence, then he would be entitled to relief. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963).
Relator’s second claim alleges the trial judge’s failure to charge the jury properly as to “specific intent.” As alleged by relator, this claim does not satisfy any of the exclusive grounds for which post-conviction relief may be granted. See La. C.Cr.P. Art. 930.3.
*628 Relator’s third claim alleges the impropriety of his “common law” wife testifying against him. This claim also does not satisfy the exclusive grounds for relief. Further, a “common law wife” is not a “wife” as used in La.R.S. 15:461, and she does not have a right to refuse to testify. See State v. Kaufman, 331 So.2d 16 (La. 1976).
Relator’s fourth claim alleges ineffective assistance of counsel, citing thirteen instances where he feels he was denied effective assistance. While some of relator’s claims do not reach the level of Sixth Amendment violations, which is necessary for relief under La.C.Cr.P. Art. 930.3, some of his allegations, if established, may entitle him to relief.
Relator’s fifth claim alleges insufficient evidence to support his conviction. This claim was raised when relator appealed, and was denied. This court has found that there was sufficient evidence to support relator’s conviction. State v. Felton, (KA 0766, La.App. 4th Cir., Oct. 3, 1984) (unpublished opinion).
Accordingly, we find that relator’s second, third, and fifth claims are unmeritorious for post-conviction relief, and were properly denied by the district court. La.C. Cr.P. Art. 928. We find relator’s first and fourth claims, however, if established, would entitle relator to relief. The district court, therefore, should have ordered the district attorney to file an answer, La.C.Cr. P. Art. 927; and if based upon the application and answer, and relevant documents, summary disposition under La.C.Cr.P. Art. 929 cannot be had, the district court should order an evidentiary hearing, La.C.Cr.P. Art. 930.
We remand this matter to the district court for consideration of relator’s first and fourth claims, in proceedings consistent with this opinion and La.C.Cr.P. Arts. 924 through 930.7.